**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                **13-CR-257S**

                    **-v-**

**HAYWARD TARVER, III,**
                              **Defendant.**
_____


## REPORT, RECOMMENDATION AND ORDER

              This case was referred to the undersigned by the Hon. William M. Skretny,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

on dispositive motions. Dkt. #2.


## PRELIMINARY STATEMENT

              The defendant, Hayward Tarver, III ("the defendant"), is charged in a

Superseding Indictment, along with co-defendant Michael Early, with having violated

Title 21 U.S.C.  §§ 841(a)(1), 844(a), 856(a)(1) and Title 18 U.S.C. §§ 922(g)(1),

924(c)(1) and 2.  Dkt. #10.  He has filed a motion wherein he seeks to suppress the use

of evidence at trial seized from his residence located at 66 Connelly Avenue, Buffalo,

New York on or about September 27, 2013 pursuant to a search warrant issued by the

Hon. Joseph A. Fiorella, Buffalo City Court Judge, on September 27, 2013.  Dkt. #19,

pp. 48-49, ¶s 110, 111.  The government has filed a response in opposition to this

motion.  Dkt. #28.  Oral argument on this motion was held by this Court but decision on

same was held in abeyance with the consent of the defendant until an evidentiary

hearing on his motion to suppress evidence seized from 23 Littlefield, Buffalo, New York was completed and a decision rendered.[1]


## FACTS

On September 27, 2013, Detective Leo McGrath of the Buffalo Police Department ("BPD") presented a sworn search warrant affidavit to Buffalo City Court Judge Joseph A. Fiorella wherein he sought the issuance of a search warrant authorizing a search of the defendant's residence located at 66 Connelly Avenue in the City of Buffalo.  As further support for this application, Detective McGrath also presented a confidential informant ("CI") known by him to be a reliable informant to Judge Fiorella for examination under oath by the judge regarding the search of the defendant's residence pursuant to a search warrant.  The proceedings held in Judge Fiorella's Chambers on September 27, 2013 were provided to this Court pursuant to an Order of this Court for an *in camera* review which was done by this Court in reaching its decision herein.  This *in camera* review established that a court reporter was present and recorded the proceedings conducted by Judge Fiorella regarding the issuance of a search warrant for 66 Connelly Avenue and a transcript of those proceedings was provided to this Court as part of its *in camera* review.

---

[1] *See* this Court's Report, Recommendation and Order filed September 8, 2016, Dkt. #50.

## DISCUSION AND ANALYSIS

The defendant erroneously claims that the search warrant issued by Judge Fiorella on September 27, 2013 did not reference or incorporate the fact that testimony from a confidential informant was utilized by the judge in making his determination of probable cause and therefore the affidavit of Detective McGrath was insufficient to establish probable cause for the issuance of the warrant.   Dkt. #19, ¶ 111.   For the reasons that follow, this argument of the defendant is totally rejected.

The aforesaid transcript establishes that the CI appeared personally before Judge Fiorella on September 27, 2013 and was identified by name and placed under oath and interrogated by Judge Fiorella as to the observations personally made by the CI in his/her visits with residents at 66 Connelly Avenue.  The CI told Judge Fiorella of his/her recent visits to 66 Connelly Avenue and his/her observation of drugs and sale of drugs at 66 Connelly Avenue by the defendant.

Based on what was presented to him in the sworn application of Detective McGrath and the sworn in-person testimony of the CI, Judge Fiorella found sufficient probable cause for the issuance of the search warrant at issue.

My review of the proceedings conducted before Judge Fiorella in his chambers on September 27, 2013 satisfies me that sufficient probable cause was

established by the testimony given under oath to Judge Fiorella along with the sworn

application of Detective McGrath.   Not only was the reliability of the CI established by

the statement  of Detective McGrath in response to Judge Fiorella's question to him,

the fact that the CI testified in person before Judge Fiorella increased his/her reliability

because he/she "runs the greater risk that he [/she] may be held accountable if his [/her]

information proves false." *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004),

quoting *United States v. Salazar*, 945 F.2d 40, 50-51 (2d Cir.1991); *United States v.

Steppello*, 664 F.3d 359, 365 (2d Cir. 2011).


        The search warrant issued by Judge Fiorella on September 27, 2013

authorizing the search of the defendant's residence at 66 Connelly Avenue, Buffalo,

New York expressly states that probable cause for the issuance of the warrant was

established by the affidavit of Detective McGrath sworn to September 27, 2013 and the

"*in camera* testimony of an informant."  As a result, the defendant's claim that such

reference was not set forth in the search warrant is totally without legal merit.

Therefore, it is recommended that the defendant's motion to suppress the use of the

evidence seized from 66 Connelly Avenue, Buffalo, New York on or about

September 27, 2013 for use at trial be in all respects denied.


        It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:


        This Report, Recommendation and Order be filed with the Clerk of Court.

4

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to**

**consider the objection.**


DATED:      September 9, 2016
            Buffalo, New York


                                         *S/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**